UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DESMOND ALEXANDER ALBRIGHT,   )<br>                                                                 )<br>            Plaintiff,                              )<br>                                                                 )<br>v.                                                            )      Civ. No. 25-cv-01227 (UNA)<br>                                                                 )<br>                                                                 )<br>PRESIDENT JOSEPH BIDEN, *et al.*,    )<br>                                                                 )<br>            Defendants.                          ) | |

### **MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) as frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice. Plaintiff purports to sue current and former Presidents of the United States, Cabinet Secretaries, Chairs of the Federal Reserve, and elected officials, among others, for reasons unknown. The complaint refers to the national debt, alleges in vague terms violations of the First and Fifth Amendments to the United States Constitution, and demands an award of $ 12.7 trillion. Because the Court cannot discern what Plaintiff is alleging, it is impossible to determine—as the Court must—that it has jurisdiction over this matter. The Court will, accordingly, dismiss the action for failure to allege facts sufficient to sustain the Article III jurisdiction.

A separate order will issue.

/s/
AMIT P. MEHTA
United States District Judge

DATE: June 20, 2025